UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ZINA MOYA,

    Plaintiff,

v.                                                     Case No. 10-12290
                                                     Hon. Lawrence P. Zatkoff

MICHAEL R. SMITH and
HILLSDALE JUDICIAL CIRCUIT COURT,

    Defendants.
_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on June 24, 2010

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

This matter is before the Court on Plaintiff's application to proceed *in forma pauperis* [dkt 2] and application for appointment of counsel [dkt 3]. For the following reasons, Plaintiff's request to proceed *in forma pauperis* is GRANTED; Plaintiff's application for appointment of counsel is DENIED; and the Court DISMISSES Plaintiff's complaint for failure to state a claim upon which this Court can grant relief.

**II. ANALYSIS**

**A. Application to Proceed *In Forma Pauperis***

Plaintiff has filed an application to proceed without prepayment of fees. Under 28 U.S.C. § 1915(a), "any court of the United States may authorize the commencement, prosecution or defense

of any suit, action or proceeding . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor." The reference to assets of "such prisoner" is likely a typographical error; thus, § 1915(a) applies to all natural persons. *See Floyd v. U.S. Postal Serv.*, 105 F.3d 274 (6th Cir. 1997). If a motion to proceed without prepayment of fees is filed and accompanied by a facially-sufficient affidavit, the Court should allow the complaint to be filed. *See Gibson v. R.G. Smith Co.*, 915 F.2d 260, 261 (6th Cir. 1990) (citing *Phillips v. Carey*, 638 F.2d 207, 208 (10th Cir. 1981)). Only after the complaint is filed is it tested to determine whether it is frivolous or fails to state a claim. *See id*. at 261. The Court finds Plaintiff's financial affidavit facially sufficient; therefore, the Court GRANTS Plaintiff's request to proceed *in forma pauperis* [dkt 2].

**B. Application for Appointment of Counsel**

Plaintiff has also requested that the Court appoint counsel on her behalf. "Appointment of counsel in a civil case is not a constitutional right. It is a privilege that is justified only by exceptional circumstances." *Lavado v. Keohane*, 992 F.2d 601, 605–06 (6th Cir. 1993) (citations omitted). Plaintiff has not shown that exceptional circumstances warranting the appointment of counsel exist in this case. Therefore, Plaintiff's application for appointment of counsel [dkt 3] is DENIED.

**C. Dismissal for Failure to State a Claim**

Upon granting a plaintiff's request to proceed *in forma pauperis*, the Court performs a preliminary screening of the complaint under several provisions of the United States Code. Pursuant to 28 U.S.C. §§ 1915A, 1915(e), and 42 U.S.C. § 1997e(c)(1), the Court is to *sua sponte* dismiss the

case before service on Defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

The Court has a duty to construe a *pro se* plaintiff's pleadings liberally, *see, e.g.*, *Haines v. Kerner*, 404 U.S. 519 (1972), but in doing so, it will not re-write a deficient complaint or otherwise serve as counsel for that plaintiff. *See GJR Invs, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998). Construing Plaintiff's complaint liberally, the Court is unable to find a meritorious claim.

Plaintiff states in her complaint that during a hearing before Defendant Michael R. Smith, a Circuit Court Judge for the State of Michigan, Plaintiff felt threatened when Defendant stated, "I had to put a gun up to her head." Plaintiff states that the nature of the suit falls under the category of assault, libel and slander. However, the Court finds that this single statement was insufficient to place Plaintiff in imminent fear of receiving unwanted physical contact such that it would constitute an assault. Since the alleged statement was not made in writing, Plaintiff has also failed to state a claim for libel. Furthermore, since the alleged statement was made in the course of a judicial proceeding, Defendant Smith had an absolute privilege to make such statement. *See Couch v. Schultz*, 193 Mich. App. 292, 294 (1992) (stating that "[i]t is well settled in Michigan that . . . statements made during the course of judicial proceedings . . . are absolutely privileged" and that "[i]f absolute privilege applies, there can be no action for defamation") (citations omitted)). Additionally, Plaintiff has not alleged any wrongdoing on the part of Defendant Hillsdale Judicial Circuit Court, or any other basis for attributing liability to such Defendant, for which this Court can grant Plaintiff relief.

### III. CONCLUSION

For the above reasons, the Court finds that Plaintiff's complaint does not state a claim upon which relief may be granted and is otherwise frivolous. Accordingly, Plaintiff's complaint is DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915(e).

IT IS SO ORDERED.

        S/Lawrence P. Zatkoff
        LAWRENCE P. ZATKOFF
        UNITED STATES DISTRICT JUDGE

Dated: June 24, 2010

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on June 24, 2010.

        S/Marie E. Verlinde
        Case Manager
        (810) 984-3290